NATIONAL SHOE AND LEATHER BANK OF AUBURN

*vs.*

JOHN M. GOODING.

Androscoggin.    Opinion March 20, 1895.

*Order.    Demand and Notice.    Assignment.    Pleading.    R. S., c. 82, § 130.*

In order to maintain an action in his own name by the assignee of a non-negotiable chose in action, the statute requires the assignee to file the assignment,

or a copy thereof, with his writ. The assignment not so filed is not admissible in evidence at the trial. The declaration should aver the assignment in such case.

In an action against the drawer of an order it must be shown that a demand was made on the drawee, that he refused to pay it and due notice was given to the drawer, or some excuse for want of such demand and notice.

ON EXCEPTIONS.

The case appears in the opinion.

*George C. Wing,* for plaintiff.

*A. R. Savage and H. W. Oakes,* for defendant.

SITTING : PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J. The plaintiff bank seeks to recover against the defendant, as surviving partner of Merry & Gooding, on a writing of the following tenor, to wit :

"To Manufacturers' National Bank of Lewiston.

Pay to M. C. Percival ninety-four 12-100 dollars.

　　　　　　　　　　　　　　　　Merry & Gooding.

[Indorsed] M. C. Percival."

The writ contains a declaration on the ordinary money count, specifying this order as the groundwork of the suit.

The only evidence introduced by the plaintiff was the order above set forth, and an assignment in writing given by M. C. Percival to Benjamin F. Briggs, which included among other items, a paper designated as "a check of Merry & Gooding, $94." Both of these papers were admitted subject to the defendant's objection. Upon this evidence, thus received, the presiding judge ordered a nonsuit, and the plaintiff took exceptions.

The nonsuit was properly directed. The order which forms the basis of the suit was not negotiable, and the plaintiff's right to maintain an action upon it in its own name, by virtue of an assignment, is conferred by R. S., c. 82, § 130, which requires the assignee "to file with his writ the assignment or a copy thereof." The plaintiff not only failed to do this, but the declaration in the writ contains no averment of such an assignment. The assignment offered in evidence was, therefore, not legally admissible against the defendant's objection.

But there is another objection which invalidates the plaintiff's cause of action. It is a suit against the drawers of an order. Their contract was only to pay the amount of the bill in case the drawee refused to pay it. But there is no evidence that any demand was made on the drawee, that he ever refused to pay, or that due notice was given to the defendants of the non-payment of the order. The plaintiff must either prove demand and notice, or show some excuse for the want of them. *Townsend* v. *Wells*, 32 Maine, 416.

*Exceptions overruled.*